United States District Court
Southern District of Texas
ENTERED

SEP 1 0 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# – BROWNSVILLE DIVISION –

United States District Court
Southern Dist...
Fil...

SEP

Michael N. Milby, C...... Court

| | | |
|---|---|---|
| MARY R. SHEERAN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-020 |
| | § | |
| CHIEF JAMES SCHOEPNER, | § | |
| in his official capacity as Police | § | |
| Chief, OFFICER JOE HILDRETH, | § | |
| in his official capacity as Police | § | |
| Investigator; and the CITY OF | § | |
| HARLINGEN, TEXAS | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this court is an Amended Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by all Defendants. (Docket No. 12). Plaintiff, Mary R. Sheeran ("Sheeran"), has filed a Response to Defendants' Motion to Dismiss (Docket No. 3) and a Supplemental Response to Defendants' Motion to Dismiss (Docket No. 10).

### FACTS

Sheeran's claims arise out of Defendants' alleged failure to enforce a Protective Ordered issued by Cameron County District Judge Darrell Hester. In Plaintiff's Amended Complaint (Docket No. 9), Sheeran asserts causes of action under 42 U.S.C. §§ 1983 and 1988 against all Defendants for violation of the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 13981 (The Violent Crime Control and Law Enforcement Act of 1994, Subtitle C- Civil Rights for Women), Tex. Code Crim. Proc. arts. 5.04 and 14.03, and under the common law of the State of Texas. (Docket No. 9).

1

Sheeran asserts a claim for damages against the individual Defendants, Chief Schoepner and Officer Hildreth, under § 1983 for a Due Process violation of her constitutional right to be free of the Police Department's unreasonable conduct, and her right to be protected from spousal abuse or threat of spousal abuse. Sheeran alleges these violations are a result of the individual Defendants' failure to enforce the Protective Order. (Docket No. 9, pp. 16-18). Additionally, Sheeran seeks to recover against the City of Harlingen under § 1983 alleging it was the City's policy and custom to exhibit deliberate indifference to the constitutional rights of persons in Harlingen, to inadequately and improperly investigate citizen complaints of police misconduct, and to inadequately supervise and train its police officers. (Docket No. 9, pp. 18 and 29).

Sheeran's § 1983 claims against the individual Defendants, Chief Schoepner and Officer Hildreth, arise out of a series of events, denied by the Defendants, spanning November 1995 to January 1996, as follows.

On November 15, 1995, Sheeran hand-delivered a Protective Order, issued by Cameron County District Judge Darrell Hester, to the Harlingen Police Department for continuing domestic violence following her divorce from Ronald Lee Huebner ("Huebner"). (Docket No. 9, p. 3). Sheeran alleges that on several occasions Huebner violated the Protective Order.[1] Huebner entered the Plaintiff's residence more than once, smashed in the front door of her residence and tried to shoot Sheeran with her gun. (Docket No. 9, pp. 4, 7, and 9). On all these occasions, Sheeran called the Harlingen Police for help. However, only once was Huebner arrested and charged with Criminal Trespass and Violation of a Protective Order.

---

[1] Sheeran did not attach a copy of the Order or include the date of its entry in her pleadings.

2

Sheeran alleges that at all other times the Harlingen Police refused to enforce the Protective Order and protect her from Huebner.  (Docket No. 9).    According to Sheeran, Defendant Officer Hildreth, reprimanded and verbally attacked her.  (Docket No. 9, pp. 10- 12).    Further, Sheeran was advised by a Harlingen Police Department Detective to "finish her business and leave town."  (Docket No. 9, p. 10 and 26).  Sheeran alleges that as a result of the failure to enforce the Protective Order, she was forced to move from Harlingen and has suffered the loss of her home, business, income, career, health benefits, and the companionship of her daughter and grandson.  (Docket No. 9, p. 14).

Sheeran's §1983 claims against the City of Harlingen are based on the following controverted events spanning November 1994 to October 1995.[2]  Sheeran alleges that on several occasions Mr. Huebner assaulted their son, Michael Huebner, and the Harlingen Police Department responded inadequately and refused to apprehend Huebner. (Docket No. 9, pp.18- 20).  Sheeran reported Huebner's continuing acts of harassment including telephonic threats, threatening notes, and smashing her car window, yet nothing was done.  (Docket No. 9, pp. 21- 24, 28). Further, when Sheeran contacted a Harlingen detective regarding false charges against her, the Detective stated that he did not like her and was tired of writing reports because of the "whole nasty divorce."  (Docket No. 9, p. 26).

## STANDARD OF REVIEW

A claim may not be dismissed pursuant to Rule 12(b)(6) unless it appears certain that the Sheeran cannot prove any set of facts in support of his claim that would entitle him relief.  *Lefall*

---

[2] It seems some of the events Sheeran complains of preceded the entry of the Protective Order.

*v. Dallas Independent School District*, 28 F.3d. 521, 524 (5th Cir. 1994).

### 42 U.S.C. § 1983 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

To state a claim under §1983, a Sheeran must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.    *Lefall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir.).    The Due Process Clause of the Fourteenth Amendment does not impose a constitutional duty on state officials to protect members of the public at large from crime.    *Balisteri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir 1990). However, the Supreme Court has recognized that under certain circumstances a state has a duty to protect its citizens from harm by private actors. *Estelle v. Gamble,* 429 U.S. 97 (1976), *cert. denied*, 434 U.S. 974 (1977); *Youngberg v. Romeo,* 457 U.S. 307 (1982).    In the leading case of *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 197 (1989), the Supreme Court held that this affirmative duty arises by virtue of  a "special relationship" between the Sheeran and the state.

The Fifth Circuit has consistently held that a "special relationship" arises when the state affirmatively exercises its power and has custody over an individual involuntarily or against his will.    *Walton v. Alexander*, 44  F.3d 1297,1303 (5th Cir. 1995).    "The affirmative duty to protect arises not from the State's knowledge of an individual's predicament or from its expressions of intent to help, but from the limitation on the person's freedom to act on his own behalf."    *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200  (1989). It is the State's affirmative act of restraining the individual through incarceration and institutionalization that triggers the protections of the Due Process Clause.  *DeShaney,* 489 U.S.

4

at 200. Thus, the Due Process Clause does not impose on the state a duty to protect a person from harm inflicted on a person by a private actor outside the context of involuntary confinement. *Walton,* 44 F.3d at 1302.

Further, the Ninth Circuit in *Balisteri v. Pacifica Police Department,* 901 F.2d 696 (9th Cir.1990), rejected a §1983 Due Process claim similar to Sheeran's. In an action against a police chief and department for failure to enforce a restraining order against the Plaintiff's estranged husband's beating and harassment, the Ninth Circuit noted that " special relationship" did not exist between the state and the alleged victim to warrant a duty to protect her. *Balisteri,* 901 F.2d at 700.

Sheeran has not established a "special relationship" with the state necessary to impose a constitutional duty on the state to protect her from Huebner. She has neither alleged that the state created or assumed a custodial relationship over her, nor that the state actors somehow affirmatively placed her in danger. The Harlingen Police Department's knowledge alone of Sheeran's predicament and of the Protective Order is not sufficient to impose an affirmative duty to protect her. Absent a "special relationship," the Defendants had no constitutional duty to protect nor liability from failing to protect Sheeran. Consequently, because there is no constitutional violation, Defendants, Chief Schoepner and Officer Hildreth, are entitled to qualified immunity from this suit. Accordingly, Sheeran's lawsuit against Chief Schoepner and Officer Hildreth should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## CLAIM AGAINST THE CITY OF HARLINGEN

A municipality does not incur liability under §1983 unless an action pursuant to an official municipal policy or practice caused a constitutional tort. *Monell v. Department of Soc.*

5

*Servs.*, 436 U.S. 658, 691 (1978). In such an action, the first inquiry is whether there is a "direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378 (1989). As discussed above, Sheeran's claims do not rise to the level of a constitutional deprivation absent a "special relationship". Because the Defendant Police Chief and Officers committed no constitutional violations, there can be no causal link between their actions and any municipal policy or custom of the City of Harlingen. *Pfannstiel v. City of Marion, Texas*, 760 F. Supp. 601, 605 (W.D. Tex. 1991). Further, the Supreme Court's decision in *Monell* precludes the imposition of respondeat superior liability upon the City of Harlingen for the acts of the individual Defendants. *Monell v. Department of Soc. Servs.*, 436 U.S. at 691; *Turner v. Upton County*, 915 F.2d 133, 135 (5th Cir. 1990). Consequently, Sheeran's claims against the City of Harlingen must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECTION 1983 CLAIM UNDER THE VIOLENT CRIME CONTROL AND LAW ENFORCEMENT ACT OF 1994

Sheeran has failed to present sufficient facts to establish a cause of action under 42 U.S.C. §13981, The Violent Crime Control and Law Enforcement Act of 1994, Subtitle C- Civil Rights for Women. 42 U.S.C. § 13981(c) establishes a cause of action against a person who "commits a crime of violence motivated by gender." In 42 U.S.C. § 13981(d), the statute defines "crime of violence" as an act or series of acts that would constitute a felony against the person or property. If all of Sheeran's claims are taken as true, none of Defendants' actions fall within the ambit of this statute. Sheeran's claim under 42 U.S.C § 13981 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

6

## CLAIMS ARISING UNDER STATE LAW

Although not "all common-law duties owed by government actors...were constitutionalized by the Fourteenth Amendment," *Daniels v. McWilliams*, 474 U.S. 327, 335 (1986 ), it may well be that the State acquired a duty to protect Sheeran under the statutory and common law of Texas. A State may, through its courts and legislatures, impose such affirmative duties of care and protection upon its agents as it wishes. *DeShaney*, 489 U.S. at 202. Given that the Texas Judicial System will provide Sheeran with "a surer-footed reading of applicable law," this Court should refuse to retain this case under pendent jurisdiction following dismissal of Sheeran's federal causes of action. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966). Further, it is within the discretion of the District Court to refuse to retain this case under pendent jurisdiction. *Delcambre v. Delcambre*, 635 F.2d 407, 408 (5th Cir. 1981).

IT IS THEREFORE **RECOMMENDED** that Defendant's Amended Motion to Dismiss be **GRANTED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 8th day of September, 1998.

John Wm. Black
United States Magistrate Judge

7